Esther R. **VALDIVIA**, Plaintiff,

v.

**UNIVERSITY OF KANSAS MEDICAL CENTER**, Defendant.

Civil Action No. 97–2097–KHV.

United States District Court, D. Kansas.

Oct. 16, 1998.

---

Denise E. Farris, Farris Law Firm, Kansas City, MO, Samuel I. McHenry, Legal Aid of Western Missouri, Kansas city, MO, for plaintiff.

Lisa Leslie, John C. McFadden, Kansas University Medical Center, Kansas City, KS, for defendant.

### MEMORANDUM AND ORDER

VRATIL, District Judge.

Plaintiff, a former employee of the University of Kansas Medical Center ("KUMC") brought this action under 42 U.S.C. § 2000e *et seq.* (Title VII) and 29 U.S.C. § 621 *et seq.* (the Age Discrimination in Employment Act) alleging that defendant subjected her to a hostile work environment and terminated her employment based on age, race, and national origin. On October 7, 1998, the Court granted defendant summary judgment on plaintiff's claims of disparate treatment regarding discipline, training and promotional opportunities, evaluations and termination of employment. *See* Doc. # 61. The Court further ordered plaintiff to show cause why summary judgment should not be entered in favor of defendant on plaintiff's hostile work environment claims. This matter now comes before the Court on plaintiff's response to the Court's order to show cause (Doc. # 62) filed October 15, 1998. For the reasons stated below, the Court finds that defendant is entitled to summary judgment on plaintiff's hostile work environment claims.

### Summary Judgment Standards

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *accord Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Smith v. Midland Brake, Inc.,* 138 F.3d 1304, 1307 (10th Cir.1998). The moving party bears the initial burden of showing that there is an absence of any genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party meets its burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 256, 106 S.Ct. 2505. A "genuine" factual dispute requires more than a mere scintilla of evidence. *Id.* at 252, 106 S.Ct. 2505.

In considering a summary motion the Court must view the evidence in the light most favorable to the nonmoving party. *Tom v. First Am. Credit Union,* 151 F.3d 1289, 1291 (10th Cir.1998). Summary judgment may be granted, however, if the nonmoving party's evidence is merely colorable or is not significantly probative. *Anderson,* 477 U.S. at 250–51, 106 S.Ct. 2505. Thus, " '[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party,' summary judgment in favor of the moving party is proper." *Thomas v. IBM,* 48 F.3d 478, 484 (10th Cir.1995) (quoting *Matsushita Elec, Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)).

### Factual Background

Plaintiff relies on the same facts for her hostile work environment claim as those set out in the Court's *Memorandum and Order* (Doc. # 61) filed October 7, 1998. The Court will not repeat those facts but incorporates them by reference.

### Analysis

A. *Race and National Origin Hostile Work Environment Claim*

Viewed in the light most favorable to plaintiff, defendant is entitled to summary judgment on her hostile work environment claims. To make out a claim of hostile work environment racial harassment, plaintiff must point to evidence that "(1) the harassment was pervasive or severe enough to alter the terms, conditions, or privilege of employment, and (2) the harassment was racial or stemmed from racial animus." *Bolden v. PRC, Inc.,* 43 F.3d 545, 551 (10th Cir.1994). "General harassment if not racial ... is not actionable." *Id.* Plaintiff alleges harsh treatment and unfair evaluations, but cites no evidence tending to show that these alleged actions stemmed from racial animus. Ac-

cordingly, plaintiff has failed to set forth a prima facie case of a hostile work environment claim based on race.

B. *ADEA Hostile Work Environment Claim*

The Tenth Circuit has not addressed whether a hostile work environment claim is cognizable under the ADEA. The Sixth Circuit in *Crawford v. Medina General Hospital,* 96 F.3d 830 (6th Cir.1996), recognizing such a claim, stated that:

> [W]e find it a relatively uncontroversial proposition that [the hostile environment doctrine] is viable under the ADEA. For at least these reasons, in light of the ADEA's employment of the "terms, conditions, or privileges of employment" language, we have no doubt that a hostile work environment claim may be stated.· The broad application of the hostile-environment doctrine in the Title VII context; the general similarity of purpose shared by Title VII and the ADEA; ᴺnd the fact that the Title VII rationale for the doctrine is of equal force in the ADEA context, all counsel this result. We thus hold that a plaintiff may advance a hostile-environment claim under the ADEA. These are the criteria for a prima facie claim:
>
> 1. The employee is 40 years old or older;
> 2. The employee was subjected to harassment, either through words or actions, based on age;
> 3. The harassment had the effect of unreasonably interfering with the employee's work performance and creating an objectively intimidating, hostile, or offensive work environment; and
> 4. There exists some basis for liability on the part of the employer.

*Crawford,* 96 F.3d at 834–35.

 Assuming the Tenth Circuit would recognize a hostile work environment claim under the ADEA, plaintiff meets the first element because she is over 40 years old. But plaintiff has failed to point to evidence showing the second element—that the alleged harassment was based upon her age. There is simply no evidence, apart from plaintiff's conclusions, that any hostility in her workplace was related to age. *See* *Crawford* 96 F.3d at 835 (two comments indicative of age-based animus not sufficient to create issue of fact for jury as to whether hostility was based on age). Plaintiff has failed to set forth a prima facie case of hostile work environment under the ADEA, and defendant is entitled to summary judgment on this claim.

**IT IS THEREFORE ORDERED** that defendant's oral motion for summary judgment on plaintiff's hostile work environment claims be and hereby is **SUSTAINED.**

**IT IS FURTHER ORDERED** that the Clerk enter judgment for defendant on all claims.